IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARONSMEDIA.COM LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PULSEPOINT, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | No. 12 CIV 8052 (LTS)<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

Defendant Pulsepoint, Inc. ("Pulsepoint") answers the Complaint of Plaintiff Baronsmedia.com LLC ("Barons") as follows:

## COMPLAINT

1. The first sentence of Paragraph 1 is a description of the cause of action Plaintiff has brought. PulsePoint denies that Plaintiff is entitled to relief under any cause of action described in Paragraph 1. The remaining allegations contained in Paragraph 1 refer to documents which speak for themselves; to the extent a response is required, PulsePoint denies the remainder of Paragraph 1.

2. PulsePoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

## FACTS

7. PulsePoint admits that Barons and ContextWeb, Inc. executed a contract, the "Placement Order," on or about October 6, 2011. PulsePoint further admits that ContextWeb and Datran Media merged to become Pulsepoint. The remainder of paragraph 7 states a legal conclusion to which no response is required; to the extent a response is required, PulsePoint denies the remainder of Paragraph 7.

8. PulsePoint admits that Barons and ContextWeb, Inc. executed a contract which is incorporated herein by reference, and which contract speaks for itself.

9. PulsePoint admits that Barons issued invoices to ContextWeb. PulsePoint lacks knowledge or information sufficient to form a belief as to the truth as to Baron's requirements and denies the remainder of paragraph 9.

10. PulsePoint admits that it did not pay the invoices identified in paragraph 9 but denies that any non-payment was a "fail[ure]" and denies the remainder of paragraph 10.

11. Denied.

12. Denied.

## COUNT I
### (Breach of Contract)

13. PulsePoint re-alleges and incorporates by reference its responses to paragraphs 1 through 12 above.

14. Denied.

15. PulsePoint admits that Barons placed text advertisements, graphic files and/or rich media on certain web sites provided to ContextWeb by third-party advertisers, but denies the remainder of paragraph 15.

16. PulsePoint admits that Barons claims it is owed $447,785.19 by ContextWeb, but denies the remainder of paragraph 16.

17. Denied.

18. PulsePoint admits that it is the successor to ContextWeb. The remainder of paragraph 18 states a legal conclusion to which no response is required; to the extent a response is required, PulsePoint denies the remainder of Paragraph 18.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Excuse by Breach of Contract

Plaintiff failed to perform the duties required of it by ContextWeb. Accordingly, it breached the alleged contract between ContextWeb and plaintiff and excuses any nonperformance by ContextWeb.

### Second Affirmative Defense: Failure to Mitigate

Plaintiff's damages must be reduced or stricken in light of its failure to mitigate.

### Third Affirmative Defense: Failure to Disclose

Plaintiff's contract claim is barred because of plaintiff's failure to disclose material information to ContextWeb's detriment.

### Fourth Affirmative Defense: Ambiguity

Plaintiff's contract claim is barred because of the alleged contract contained a material ambiguity to which the parties ascribed materially different and reasonable interpretations.

### Fifth Affirmative Defense: Mistake

Plaintiff's contract claim is barred because of a mistake of fact as to the terms of the alleged contract.

### Sixth Affirmative Defense: Unconscionability

Plaintiff's contract claim is barred because the alleged contract is unconscionable.

### Seventh Affirmative Defense: Unjust Enrichment

Plaintiff's contract claim is barred because if plaintiff recovers the damages alleged in the Complaint, it would be unjustly enriched.

### Seventh Affirmative Defense: Lack of Agency or Authority

Plaintiff's contract claim is barred because the alleged contract was executed with neither actual nor apparent authority from the Defendant.

## COUNTERCLAIM

As for its counterclaim against Plaintiff/Counterclaim Defendant Baronsmedia.com LLC ("Barons"), Defendant/Counterclaim Plaintiff PulsePoint, Inc. ("PulsePoint") alleges as follows:

### THE PARTIES

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of Delaware with its principal place of business at 345 Hudson Street, 5th Floor, New York, New York 10014.

2. Upon information and belief, Counterclaim Defendant is a corporation organized and existing under the laws of California with its principal place of business at 4111 W. Alameda Avenue, Suite 503, Burbank, California 91505.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 in that this counterclaim is related to the claims in the action within the Court's original jurisdiction such that they form part of the case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that all or substantially all of the acts complained of herein occurred within this judicial district.

**FACTS**

6. Barons and ContextWeb, Inc. entered into a binding written contract, the "Placement Order," on October 6, 2011, a copy of which is attached hereto as Exhibit A.

7. ContextWeb and another company, Datran Media, merged to become PulsePoint in or around September 2011, and PulsePoint became the successor to ContextWeb by reason of the merger. Therefore, ContextWeb's rights under the Placement Order became the rights of PulsePoint, and Barons became responsible for fulfilling its obligations under the Placement Order to PulsePoint. Accordingly, PulsePoint sues Barons for the amounts owed under the Placement Order.

8. Under the Placement Order, Barons agreed to place text advertisements, graphic files and/or rich media on certain web sites provided to ContextWeb by third-party advertisers. In exchange, ContextWeb agreed to pay Barons a revenue-share fee based on impressions purchased and sold by ContextWeb, provided that ContextWeb would not sell any impressions that would result in a payment to Barons of less than $0.20 per thousand impressions.

9. Barons further agreed under the Section 2(c) of the Placement Order that if in ContextWeb's reasonable determination, there has been incentivized, computerized, or

otherwise deceptive or artificial means used to increase impressions, page views, or click-throughs ("Fraudulent Activity"), ContextWeb may terminate the Placement Order effective upon notice and Barons would forfeit all fees due under the Placement Order, including those that may not be related to the Fraudulent Activity.

10. Upon performing a thorough investigation, ContextWeb discovered substantial evidence of deceptive and artificial means used to increase impressions, page views and click-throughs, and made the reasonable determination that Fraudulent Activity occurred in accordance with Section 2(c) the Placement Order.

11. By letter dated October 26, 2012, ContextWeb notified Barons of the triggering of Section 2(c) of the Placement Order.

12. ContextWeb invoiced Barons for amounts due under the Placement Order. ContextWeb required that Barons pay the invoice within thirty (30) days of issuance of the invoice.

13. Barons failed to pay the following invoice attached hereto as Exhibit B: Invoice No. SALES0008452, dated October 26, 2012, in the amount of $258,283.00.

14. ContextWeb performed all of its obligations under the Placement Order.

15. All conditions precedent to the maintenance of this action have been fulfilled.

**COUNT I**

**Breach of Contract**

16. PulsePoint re-alleges and incorporates herein the allegations set forth in Paragraphs 1 through 15 above.

17. The Placement Order is a binding contract under which Barons contracted to forfeit all fees paid to it by ContextWeb should ContextWeb have reason to determine that Fraudulent Activity occurred.

18. ContextWeb performed all of the obligations it was required to perform under the Placement Order. In particular, ContextWeb provided effective notice on Barons and invoiced Barons for the amount to be forfeited to ContextWeb under the terms of the Placement Order.

19. Barons failed to pay ContextWeb $258,283.00 for the amount due to ContextWeb under the Placement Order, thereby materially breaching the Placement Order. $258,283.00 remains due and owing.

20. As a direct result of Barons' failure to pay under the Placement Order, PulsePoint, as successor to ContextWeb, has suffered damages in an amount not less than $258,283.00.

**WHEREFORE**, PulsePoint demands that judgment be entered in its favor and against Barons as follows:

(a) That PulsePoint be awarded damages in an amount not less than $258,283.00;

(b) That PulsePoint be awarded pre-judgment and post-judgment interest at the statutory rate;

(c) That PulsePoint be awarded its costs of suit; and

(d) That PulsePoint be awarded such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), PulsePoint demands trial by jury of all issues triable of right by a jury.

Dated: Brooklyn, New York
       November 20, 2012

                              LEWIS & LIN, LLC

                              By: _____
                                  David D. Lin (DL-3666)
                              45 Main Street, Suite 608
                              Brooklyn, NY 11201
                              Tel: (718) 243-9323
                              Fax: (718) 243-9326
                              Email: David@iLawco.com

                              *Counsel for Defendant/Counterclaim Plaintiff PulsePoint, Inc.*