IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARONSMEDIA.COM LLC, | |
| Plaintiff/Counterclaim Defendant, | No. 12 CIV 8052 (LTS) |
| v. | |
| PULSEPOINT, INC., | **PLAINTIFF'S ANSWER TO COUNTERCLAIM** |
| Defendant/Counterclaim Plaintiff. | |

Plaintiff Baronsmedia.com LLC ("Barons") answers the Counterclaim of Defendant

PulsePoint, Inc. ("PulsePoint" or "Counterclaim Plaintiff") as follows, and denies all allegations

unless expressly admitted below:

1.     Admit.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Deny, except that Barons does not contest that venue is proper here.

6.     Admit.

7.     Deny, except that, based on information available to it, Barons admits only that:

(a) ContextWeb and another company, Datran Media, merged to become PulsePoint, but Barons

lacks knowledge or information sufficient to form a belief as to whether the merger occurred in

or around September 2011; and (b) PulsePoint became the successor to ContextWeb by reason of

the merger.

8.      Deny, except that Barons admits only that: (a) Under the Placement Order, Barons agreed to place text advertisements, graphic files and/or rich media on certain web sites provided to ContextWeb by third-party advertisers; and (b) in exchange, ContextWeb agreed to pay Barons $0.20 per thousand impressions delivered to ContextWeb as reported by ContextWeb.

9.      Deny, except that Barons admits only that Section 2(c) of the Placement Order states in part:  "If in CONTEXTWEB's reasonable determination, there has been incentivized, computerized or otherwise deceptive or artificial means used to increase impressions, page views or click-throughs (a "Fraudulent Activity"), CONTEXTWEB may terminate this Agreement effective upon notice and IP will forfeit all fees due under this Agreement, including those that may not be related to the Fraudulent Activity."

10.      Deny.

11.      Deny, except that Barons admits only that its former counsel, Aaron M. Kelly, received a letter from PulsePoint dated October 26, 2012.

12.      Deny, except that Barons admits that it received a copy of the invoice filed in this case at ECF No. 6-2.

13.      Deny, except that Barons admits that it did not pay the invoice filed in this case at ECF No. 6-2 because Barons was under no duty to pay this invoice.

14.      Deny.

15.      Deny.

16.      Barons incorporates herein its responses to Paragraphs 1 through 15 of PulsePoint's counterclaim.

17.      Deny, except that Barons admits only that the Placement Order is a binding contract.

6270869-v3

18.     Deny.

19.     Deny, except that Barons admits that it did not pay the invoice filed in this case at ECF No. 6-2 because Barons was under no duty to pay this invoice.

20.     Deny.

**.     In response to the unnumbered "WHEREFORE" paragraph set forth immediately below Paragraph 20 of the Counterclaim, Barons denies that PulsePoint is entitled to any relief in this action, including but not limited to the relief sought in this unnumbered "WHEREFORE" paragraph set forth immediately below Paragraph 20 of the Counterclaim.

## AFFIRMATIVE DEFENSES

Barons asserts the following defenses, each as separate and distinct defenses to PulsePoint's alleged cause of action.  Insofar as any of the following expresses denial of an element of any claim alleged against Barons, such expression does not indicate that PulsePoint is relieved of its burden to prove each and every element of any such counterclaim or that Barons has assumed any burden of proof.

1.     PulsePoint's counterclaim is barred because PulsePoint waived its claims. Among other things, PulsePoint's continuing acceptance of benefits under the Placement Order constituted a waiver of any right PulsePoint may have had to enforce Section 2(c) of the Placement Order.  Barons denies that PulsePoint has any basis to invoke Section 2(c) of the

2.     PulsePoint is estopped from maintaining its counterclaim.  Among other things, PulsePoint's acceptance of benefits (including traffic) under the Placement Order estops PulsePoint from now enforcing Section 2(c) of the Placement Order.  Barons denies that PulsePoint has any basis to invoke Section 2(c) of the Placement Order.

6270869-v3

3.      PulsePoint's claim is barred because PulsePoint's material breach of the

Placement Order excused Barons' further performance under Section 2(c) of the Placement

Order.  Barons denies that PulsePoint has any basis to invoke Section 2(c) of the Placement

Order.

4.      PulsePoint failed to mitigate its damages, if any.

5.      PulsePoint's counterclaim is barred because its interpretation of the Placement

Order, if correct, would render the Placement Order unconscionable.

6.      PulsePoint's counterclaim is barred by the doctrine of unclean hands.

7.      PulsePoint's claim is barred because its receipt of benefits under the contract

would constitute unjust enrichment.

8.      PulsePoint's claim is barred under the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, Barons prays as follows:

A.      That judgment be rendered in favor of Barons with respect to the cause of

action stated in the Counterclaim, and that PulsePoint's counterclaim be dismissed in its

entirety with prejudice;

B.      That PulsePoint take nothing by reason of its counterclaim;

C.      That Barons be awarded its costs of suit incurred in defense of this action;

and

D.      For such other relief in favor of Defendants as the Court deems just and

proper.

6270869-v3

Respectfully submitted,

Dated:  December 11, 2012

_____

J. Douglas Baldridge (Bar No. JB8385)
Ari N. Rothman (*pro hac vice*)
Venable LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
anrothman@venable.com
*Attorneys for Baronsmedia.com LLC*

6270869-v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2012, a copy of the foregoing

Plaintiff's Answer to Counterclaim was served via ECF on counsel for Defendant PulsePoint,

Inc.:

David D. Lin
Lewis & Lin, LLC
45 Main Street, Suite 6008
Brooklyn, NY 11201

_____
Ari N. Rothman
*Attorney for Baronsmedia.com LLC*

6270869-v3